**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R.
MAXWELL/G-DOFFEE                                                                                    PLAINTIFF
ADC #108778

V.                                       NO: 5:09CV00295 JMM/HDY

ALLEN *et al.*
                                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Jams M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District

>    Judge (if such a hearing is granted) was not offered at the
>    hearing before the Magistrate Judge.
>
> 3.   The detail of any testimony desired to be introduced at the
>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 16, 2009, and is proceeding on his claims that Defendant David Tucker served him unsanitary food, and that Defendant Patty Green provided him with inadequate mental health services, while he was in segregation at the Varner Unit. On September 2, 2011, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #48-#50). Plaintiff filed response, brief in support, statement of facts, and affidavit on October 14, 2011 (docket entries #56-#58).[1]

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to

---

[1] Plaintiff's response was actually docketed as a motion for summary judgment.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, another inmate dashed Tucker with feces while he was serving food on May 31, 2008. Plaintiff claims that Tucker did not wash or change clothes after the event, and that Tucker served him a contaminated food tray in which he later found feces. Plaintiff alleges that he became ill as a result and was thereafter denied adequate medical care. Plaintiff's complaint also charges that he suffers from uncontrolled crying, depression, bad memories, and nightmares, and that he received inadequate mental health care from April 28, 2008, through November of 2008, when he was in segregation. This allegedly led him to attempt suicide by setting his cell on fire on May 13, 2009.

<u>Defendant Tucker</u>

Defendants assert that Tucker is entitled to summary judgment because even if the food was

contaminated, one such incident does not amount to a constitutional violation. Defendants further assert that Tucker was not deliberately indifferent to Plaintiff's health and safety, because he first determined that the original food trays were not contaminated, and also offered to order a new food tray for any inmate, including Plaintiff, who wanted one. Defendants also assert that Plaintiff had no lasting medical problem as a result.

Prisoners have a right to adequate nutrition, and failure to provide it may be deliberate indifference that violates the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Tucker claims that the food trays were not contaminated, but he offered new trays to inmates who wanted them. According to Plaintiff's response, he complained to Tucker about the "terrible smell and condition," of the food trays, but began eating the food anyway because Tucker told him it was a new tray. Plaintiff contends that Tucker ordered new trays only after he had partially eaten from the original tray. Even though some facts are in dispute, the dispute is not material. If, as Plaintiff contends, the trays were so obviously contaminated, at most Plaintiff was in essence denied a meal, which does not rise to the level of a constitutional violation. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation ); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir.1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a 'minimal measure of life's necessities'" (internal quotations and citation omitted)). Moreover, Plaintiff concedes in his response that Tucker took the allegedly contaminated trays from the inmates, and ordered new ones. Such a response from Tucker does not

indicate deliberate indifference. Finally, although Plaintiff complains that he was sickened by the food he ate, he has provided no medical evidence of any illness. Although Plaintiff suggests he was denied needed care at the time of the incident, he is now at a different unit, claims to continue to suffer from symptoms (docket entry #57, page #3), yet presented no medical evidence that he has sought care for his problems at the new unit. Accordingly, Tucker is entitled to summary judgment.

Defendant Green

Plaintiff's claim against Green is that she failed to provide him with adequate medical care from late April until November of 2008. To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Medical records provided by Defendants demonstrate that Plaintiff had no objectively serious need with respect to his mental health. Records indicate that Plaintiff was regularly evaluated throughout the relevant time period, including an evaluation by Ravi Mehta, M.D., a psychiatrist (docket entry #48-4). According to Dr. Mehta's September 2, 2008, evaluation, Plaintiff had no evidence of psychosis, anxiety, or depression, and did not need medication at the time. Dr. Mehta

also noted that Plaintiff may have secondary gain issues. Although Plaintiff may disagree with Dr. Mehta's conclusion, he has presented no medical evidence to indicate his treatment was deficient, or to suggest that he has a psychiatric condition which requires treatment beyond the monitoring he was provided. *Cf. Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002)(expert testimony generally required to prove causation for sophisticated injuries). Moreover, Plaintiff has identified no basis that Green, a mental health counselor, would have to overrule the treatment decision of a psychiatrist. Accordingly, Green is entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #48) be GRANTED, and Plaintiff's compliant be DISMISSED WITH PREJUDICE.

2. Plaintiff's motion for summary judgment (docket entry #56) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  31   day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE